# King et al. *versus* Commonwealth, to use, etc.

A., having a judgment against B., issued a fi. fa. thereon, by virtue of which C., the sheriff, levied on B's. property, made the amount of the judgment and returned that he had paid the proceeds into court, a note of which return was duly entered on the docket by D., the prothonotary. In pursuance of an order of court, the prothonotary paid the amount thus realized to A. Subsequently, it was discovered that C. had not in fact paid the money into court, whereupon A. assigned all his interest and rights in said judgment to D., and a suit was commenced in the name of the Commonwealth against C. and his sureties on their official bond at the suggestion of A. to the use of D., the breach assigned being the false return: *Held :*

(1.) That A., having received the money from D. in good faith and in pursuance of an order of court, was under no obligation, legal or equitable, to return it, and had therefore no cause of action against C. by reason of such false return.

(2.) That D., who derived his right of action, if any, through assignment from A., had no higher right and could not, therefore, maintain said action.

May 7th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *McKean county :* Of January Term 1882, No. 461.

Debt, by the commonwealth of Pennsylvania at the suggestion of S. Solomon, for use of Chester S. Sartwell, prothonotary of McKean county, against Chester S. King, sheriff of said county, and E. B. Dolley and H. B. King, upon the official bond of the first named defendant, upon which the other two defendants were sureties.

The bond was in the penal sum of $5,000 and was conditioned "that if the said Chester S. King shall and does without delay and according to law well and truly serve and execute all writs and process of the said Commonwealth to him directed,

[King *v.* Commonwealth.]

and shall do from time to time upon request to him for that purpose made, well and truly pay or cause to be paid to the several suitors and parties interested in the execution of such writs or process, their lawful attorney, factors, agents or assigns all and every sum or sums of money to them respectively belonging, which shall come to his hands, and shall do from time to time and at all times during his continuance in the said office well. and faithfully execute and perform all and every of the trusts and duties to the said office appertaining, then this obligation to be void or else to be and remain in full force and virtue."

The defendants pleaded non est factum.

The facts of the case are fully recited in the opinion of the supreme court.

The plaintiff presented the following points :

1st. If the jury believe that C. K. Sartwell paid the money collected on the execution of S. Solomon against D. Whitestone, to the plaintiff under the representation made in the sheriff's return that he had paid the money into court and that it was thereby in the hands of Sartwell as prothonotary; that the money had not in fact been paid into court or into the hands of Sartwell; that it was paid by Sartwell to the plaintiff under a mistake, caused by the false return of the sheriff, the payment made by him to the plaintiff did not discharge the sheriff from liability to account for the sum collected by him on the executions, and the execution as to him was not thereby satisfied and the assignment of them by the plaintiff to Sartwell passed the title and the right to recover the amount of the same from the sheriff and his sureties in this action. Affirmed.

2d. That the payment by Sartwell, if the facts are found as above stated, operated in equity to carry with them the rights of the legal plaintiff in the executions and as an equitable assignment of them to Sartwell, which, when followed by the legal assignment of the plaintiff to him, gave him the same right of action to recover of the sheriff the plaintiff would have possessed if the money had not been paid by Sartwell. Affirmed.

The defendants presented the following points :

1st. That by the plaintiff's own showing the payment by Sartwell to Solomon was a voluntary payment without fraud or deceit on the part of Solomon and that therefore Sartwell could not recover it back in an action against Solomon. Refused.

2d. That Solomon having received his money and standing in a position where it cannot be recovered back from him he cannot recover in this action. Refused.

4th. That under the plaintiff's own evidence in the case

[King *v.* Commonwealth.]

no recovery can be had upon the official bond of sheriff King. Refused.

The court submitted to the jury the question whether King had in fact paid the money into court, instructing them that if he had not, they should find for the plaintiff.

Verdict for the plaintiff for $1,149.04 and judgment thereon. The defendants took this writ of error, assigning for error the affirmance of plaintiff's points and the disaffirmance of their own.

*David Sterrett* (with him *Rose* and *A. G. Olmsted*), for the plaintiffs in error.—Sartwell's right to recover depends entirely upon the rights of Solomon at the time of the assignment. Solomon could convey no greater right than he himself possessed. At the date of that assignment Solomon had received his money in full payment of his debt. He received it without fraud or deceit on his part, and in good faith. The money had been paid to him by Sartwell voluntarily and under claim of right and therefore it could not be recovered back: Morris *v.* Tarin, 1 Dall. 147; Keener *v.* Bank, 2 Barr 237; Natcher *v.* Natcher, 11 Wr. 496; Espy *v.* Allison, 9 Watts 462; Edgar *v.* Shields, 1 Grant 361; Smull's Adm'rs *v.* Bank, 1 Rawle 54; Rogers *v.* Bank, 12 S. & R. 79. Solomon has received his money and could not recover it again. Sartwell sues in his right, but as no right of action subsisted in Solomon, none exists in Sartwell. Our points should have been affirmed.

*R. Brown* (*Hamlin* and *Elliott* with him), for the defendant in error.—Our points were rightly affirmed: Lithcap *v.* Wirt, 4 Phila. 64; Brice's Appeal, 9 W. N. C. 230. Even if satisfaction be entered on the record by fraud, by mistake or by falsely representing the plaintiff, the court has an undoubted right to strike it off: Murphy *v.* Flood, 2 Grant 411. When a payment is made under a mistake of a fact and would not have been made but for the mistake, it is not a voluntary payment and can be recovered back: Bradford *v.* White, 1 Phila. Rep. 26; Tybout *v.* Thompson, 2 Brown, 27; Miles *v.* Stevens, 3 Barr 37. In Thomas *v.* Brady, 10 Barr 164, the court say, " That money paid under a mistake of fact may be recovered back under a count for money had and received, is settled in many cases and is not now an open question."

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1883.

The controlling question in this case is whether, upon the following state of facts, the plaintiff below was entitled to recover. In November 1878, a writ of fieri facias, at the suit of

[King *v.* Commonwealth.]

S. Solomon against D. Whitestone, was issued and placed in the hands of plaintiff in error, King, then sheriff of McKean county. It is conceded the money was made by levy and sale of defendant's personal property; and the writ, showing that fact, was returned into the prothonotary's office two weeks before the return day. The sheriff's return, indorsed on the writ, setting forth that the property levied on was sold for $1,102.26, and after applying a portion thereof to costs, " the balance of the money, $1,030.71, paid into court," was duly entered on the execution docket by one of the prothonotary's deputies; and thus the matter rested until after the return day. Adverse claimants of the fund having, in the meantime, relinquished their right thereto, the court, on application of counsel for Solomon, the plaintiff in the execution, authorized him to take out of court the money appearing by the sheriff's return to be there. Upon presentation of the order to prothonotary Sartwell, the money was forthwith paid to the plaintiff in the execution and by him receipted for in full of his judgment and interest. The court in making the order, the prothonotary in promptly obeying it and the execution plaintiff in receiving and receipting for the money, all acted upon the assumption and belief that it was in court as represented by the sheriff's return. Sometime afterwards, however, the prothonotary, alleging the money had not been paid into court or to him by the sheriff, caused this suit to be brought against the latter and his sureties on his official bond to recover, at the suggestion of Solomon, the amount paid to the latter in pursuance of the order of court. The substance of the breaches assigned and mainly relied on is, that the sheriff's return was false, in that he did not pay into court the money made on the writ, nor hath he rendered the same to the said Solomon, the plaintiff therein ; wherefore an action hath accrued to demand and have of the defendants the said sum of money, etc. The main question of fact presented by the pleadings and evidence, viz., whether the sheriff did, in fact, pay the money into court, as averred in his return, was submitted to the jury, and they by their verdict, found in effect that he did not. Assuming it, then, to be true that the money made on the writ was not paid into court or to the prothonotary, the use plaintiff below, the question is whether, upon the undisputed facts above stated, the suit at the suggestion of Solomon, in his own right or to the use of Sartwell, can be maintained. If it can, there is no error in the record that will justify a reversal of the judgment.

The suit is in the name of the commonwealth at the suggestion of Solomon to use of Sartwell, the prothonotary. The only authority the latter appears to have had for using the name of Solomon is contained in the writing executed by the

latter three months after he received his money. That paper contains a recital of the facts, as claimed by Sartwell, followed by an assignment of Solomon's interest in the judgment against Whitestone, etc., in the following words : " I do hereby transfer, assign and set over unto the said Chester K. Sartwell the above judgment, and any right of action I may have against the said Chester S. King, or that may accrue by reason of the above stated facts, without any recourse to me, and it is expressly understood that this assignment gives the assignee no right to sue for or collect the above judgment from D. Whitestone, the defendant, he having paid the judgment interest and costs in full to the sheriff."

It must be conceded that Sartwell's right to recover depends entirely upon the rights of Solomon. If the latter, after his claim was fully paid and satisfied, had no right of action, there was nothing upon which the assignment could operate. Solomon was clearly entitled to his money. The record made up under the supervision of the prothonotary showed that it had been collected by legal process, and paid into court ; and the court, acting on the faith of what there appeared, ordered it to be paid to him. That order was recognized and obeyed by the prothonotary, and, so far as appears, it has never been rescinded or modified. Having thus received his money, in good faith and in pursuance of the order of court, in satisfaction of his claim, it was certainly not against good conscience for him to retain it, as he did. Under the circumstances, his position was such that he was under no obligation, legal or equitable, to return it to the prothonotary or any one else, nor could he have been compelled to do so. If there be any question as to the correctness of this position, the doubt should be resolved in favor of the suitor, and against the public officer who so keeps his accounts that he may be mistaken as to whether trust funds are in his hands or not. Public policy forbids that those who are free from blame should be subjected to the inconvenience and sometimes loss that too frequently result from loose methods of transacting public business. The entry on the execution docket, made up under the supervision of the prothonotary, was notice to Solomon that his judgment had been collected and paid into court. The court authorized him to take it out, and in perfect good faith he received it in satisfaction of his claim. If that part of the sheriff's return which represented the money as having been paid into court was false, it was the duty of the prothonotary to know it, and refuse to perpetuate the error by making a record thereof. For the reasons suggested, we think it is clear that Solomon was under no obligation to refund the money ; and, if that be so, he had no right of action or claim to assign. He was not aggrieved by anything

[Enterprise Transit Co. v. Sheedy.]

that the sheriff may have done or omitted to do, and hence he had no right of action against the sheriff and his sureties, which he himself could assert, or authorize any one else to assert in his name. We are therefore of opinion that there was error in affirming the points submitted by the plaintiff below, and in refusing to affirm defendants' points. The remaining assignments do not call for special notice. They are not sustained.

Judgment reversed.